IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DANNIELLE CURRY, on her own behalf and as Special Administrator of the Estate of CHRISTOPHER KELLY, deceased, | ) ) ) ) | |
| Plaintiff, | ) ) | No. 15 C 9152 |
| v. | ) ) ) | Judge John Z. Lee |
| | ) ) | Magistrate Judge Mason |
| OFFICER KYLE BURNS (Star #13310), OFFICER KELIN ALTHOFF (Star #4163), OFFICER CHRIS DIEBALL (Star #14889), OFFICER MARK LACIVITA (Star #15136), OFFICER VIRGINIA O'DONNELL (Star#5695), OFFICER BRIAN RIX (Star #15065), OFFICER MICHAEL KEY (Star #8813), SGT. ANGELO MONACO (Star #1595), and The CITY OF CHICAGO, a municipal corporation, | ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## DEFENDANTS ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

Defendants City of Chicago, Officer Kyle Burns, Officer Kelin Althoff, Officer Chris Dieball, Officer Mark LaCivita, Officer Virginia O'Donnell, Officer Brian Rix, Officer Michael Key and Sgt. Angelo Monaco (collectively "Defendants"), by one of their attorneys Dana M. Pesha, Assistant Corporation Counsel for the City of Chicago, hereby submits their Answer and Affirmative Defenses to Plaintiff's Amended Complaint.

### INTRODUCTION

1) This action, arising out of the death of Christopher Kelly ("Decedent"), is brought pursuant to 42 U.S.C. §1983 to address deprivations of Decedent's rights under the Constitution of the United States.

**ANSWER:** Defendants admit that Plaintiff brings this Complaint pursuant to 42 U.S.C. §1983, but deny that Decedent was deprived of his constitutional rights.

### JURISDICTION

2) The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. §§ 1983 and 1985; the Judicial Code 28 U.S.C. §§ 1331 and 1343(a); the Constitution of the United States; and pendent jurisdiction as provided under U.S.C. § 1367(a).

**ANSWER:** Defendants admit the allegations contained in this paragraph.

**VENUE**

3) Venue is proper under 28 U.S.C. Section 1391 (b). All of the parties reside in this judicial district and the events described herein all occurred within this district.

**ANSWER:** Defendants admit that venue is proper.

**THE PARTIES**

4) The Plaintiff, Dannielle Curry, is the brother of the Decedent and a resident of the Northern District of Illinois.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph.

5) The Defendants, Officers Burns, Althoff, Dieball, Lacivita, O'Donnell, Rix, Key, and Monaco, were at all relevant times duly appointed police officers of the City of Chicago and at all relevant times were acting within their scope of employment and under color of law.

**ANSWER:** Defendants admit the allegations contained in this paragraph.

**FACTS**

6) On or about September 2, 2015, Kelly was in the area of 534 N. Springfield in Chicago, Illinois.

**ANSWER:** Defendants admit the allegations contained in this paragraph.

7) One or more of the Defendant Officers approached the Decedent.

**ANSWER:** Defendants admit the allegations contained in this paragraph.

8) The Decedent thereafter relocated to the area of 541 N. Harding in Chicago, Illinois.

**ANSWER:** Defendants admit the allegations contained in this paragraph.

9) Thereafter, without lawful justification or excuse, one or more of the Defendant Officers physically attacked and battered the Decedent.

**ANSWER:** Defendants deny the allegations contained in this paragraph.

10) After this attack, one or more of the Defendant Officers dragged the Decedent down Harding and dropped him onto the concrete.

**ANSWER:** Defendants deny the allegations contained in this paragraph.

11) The Defendant Officers were nearby and present during the use of force against Decedent by their co-Defendants and failed to intervene to prevent the misconduct despite having a reasonable opportunity to do so.

**ANSWER:** Defendants deny the allegations contained in this paragraph.

12) The Decedent complained that he could not breathe.

**ANSWER:** Defendants deny that Plaintiff has accurately set forth the events which took place on September 2, 2015 with respect to Defendants. Answering further, Defendants state that at some point on September 2, 2015 Plaintiff stated something to the effect that he was having difficulty breathing.

13) One or more of the Defendant Officers threw the Decedent into a police vehicle and relocated to Ferdinand and Harding where the Decedent eventually received medical attention.

**ANSWER:** Defendants deny that Plaintiff has accurately set forth the events which took place on September 2, 2015 with respect to Defendants. Answering further, Defendants admit that Plaintiff received medical attention near Harding and Ferdinand. Defendants deny the remaining allegations contained in this paragraph.

14) The Decedent died shortly thereafter on September 2, 2015.

**ANSWER:** Defendants admit that Decedent died on September 2, 2015.

15) Said actions of the Defendant Officers were intentional, willful and wanton and/or committed with reckless indifference and disregard for Decedent's rights.

**ANSWER:** Defendants deny the allegations contained in this paragraph.

16) Said actions of the Defendant Officers were objectively unreasonable under the circumstances.

**ANSWER:** Defendants deny the allegations contained in this paragraph.

### COUNT I—EXCESSIVE FORCE/FAILURE TO INTERVENE (Section 1983)

17) Plaintiff hereby incorporates all previous paragraphs as though fully set forth herein.

**ANSWER:** Defendants incorporate their answers to all previous paragraphs as if set forth fully herein.

18) The actions of the Defendant Officers as set forth hereto constitute excessive force and failure to intervene against Decedent, thus violating his rights under the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. Section 1983.

**ANSWER:** Defendants deny the allegations contained in this paragraph.

19) As a direct and proximate consequence of the Defendant Officers' conduct, the Decedent suffered damages, including without limitation violations of his constitutional rights, emotional anxiety, fear, pain and suffering, and monetary expense.

**ANSWER:** Defendants deny the allegations contained in this paragraph.

**WHEREFORE**, the Defendants respectfully request that this Honorable Court enter judgment in their favor and against plaintiff with costs assessed to the plaintiff and any other relief this Honorable Court deems appropriate.

### COUNT II– BATTERY (state law claim)

20) Plaintiff hereby incorporates all previous paragraphs as though fully set forth herein.

**ANSWER:** Defendants incorporate their answers to all previous paragraphs as if set forth fully herein.

21) The conduct of the Defendant Officers resulted in offensive physical contact with the Decedent made without his consent, thus constituting battery under Illinois law.

**ANSWER:** Defendants deny the allegations contained in this paragraph.

22) The Defendant Officers' actions proximately caused the Decedent to suffer injuries, including without limitation great bodily harm and death as well as pain and suffering.

**ANSWER:** Defendants deny the allegations contained in this paragraph.

**WHEREFORE**, the Defendants respectfully request that this Honorable Court enter judgment in their favor and against plaintiff with costs assessed to the plaintiff and any other relief this Honorable Court deems appropriate.

### COUNT III—WRONGFUL DEATH (state law claim)

23) Plaintiff hereby incorporates all previous paragraphs as though fully set forth herein.

**ANSWER:** Defendants incorporate their answers to all previous paragraphs as if set forth fully herein.

24) The actions of the Defendant Officers as set forth hereto caused the wrongful death of the Decedent, in violation of ILCS 740 180/1 et seq.

**ANSWER:** Defendants deny the allegations contained in this paragraph.

25) The Defendant Officers' actions proximately caused the Decedent to suffer injuries, including without limitation great bodily harm and death as well as pain and suffering.

**ANSWER:** Defendants deny the allegations contained in this paragraph.

26) As a result of the Defendant Officers' conduct, the Estate has suffered injury, including without limitation incurring medical and/or funeral expense and the loss of society and companionship.

**ANSWER:** Defendants deny the allegations contained in this paragraph.

**WHEREFORE**, the Defendants respectfully request that this Honorable Court enter judgment in their favor and against plaintiff with costs assessed to the plaintiff and any other relief this Honorable Court deems appropriate.

### COUNT IV—SURVIVAL ACTION (state law claim)

27) Plaintiff hereby incorporates all previous paragraphs as though fully set forth herein.

**ANSWER:** Defendants incorporate their answers to all previous paragraphs as if set forth fully herein.

28) After the Decedent was attacked by Defendants, he survived for a period of time during which he experienced conscious pain and suffering.

**ANSWER:** Defendants deny the allegations contained in this paragraph.

**WHEREFORE**, the Defendants respectfully request that this Honorable Court enter judgment in their favor and against plaintiff with costs assessed to the plaintiff and any other relief this Honorable Court deems appropriate.

## COUNT V—FAMILY EXPENSE ACT (state law claim)

29) Plaintiff hereby incorporates all previous paragraphs as though fully set forth herein.

**ANSWER:** Defendants incorporate their answers to all previous paragraphs as if set forth fully herein.

30) As a direct and proximate cause of the Defendant Officers' actions which caused the death of the Decedent, Plaintiff Dannielle Curry, as brother of the deceased, Christopher Kelly, has been obligated to incur financial expenses including without limitation funeral and burial costs.

**ANSWER:** Defendants deny the allegations contained in this paragraph.

**WHEREFORE**, the Defendants respectfully request that this Honorable Court enter judgment in their favor and against plaintiff with costs assessed to the plaintiff and any other relief this Honorable Court deems appropriate.

## COUNT VI—INDEMNIFICATION

31) Plaintiff hereby incorporates all previous paragraphs as though fully set forth herein.

**ANSWER:** Defendants incorporate their answers to all previous paragraphs as if set forth fully herein.

32) At all relevant times, Defendant City of Chicago was the employer of the Defendant Officers.

**ANSWER:** Defendants admit the allegations contained in this paragraph.

33) The Defendant Officers committed the acts alleged above under the color of law and in the scope of their employment as employees of the City of Chicago.

**ANSWER:** Defendants admit that that all times relevant to Plaintiff's claims they were acting under the color of law and in the scope of their employment as employees of the City of Chicago. Answering further, Defendants deny that they engaged in the acts alleged above.

34) In Illinois, public entities are directed to pay for any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

**ANSWER:** Defendants admit the allegations contained in this paragraph.

35) As a proximate cause of the Defendant Officers' unlawful acts, which occurred within the scope of their employment, Plaintiff was injured.

**ANSWER:** Defendants deny the allegations contained in this paragraph.

**WHEREFORE**, the Defendants respectfully request that this Honorable Court enter judgment in their favor and against plaintiff with costs assessed to the plaintiff and any other relief this Honorable Court deems appropriate.

## COUNT VII—*RESPONDEAT SUPERIOR*

36) Each of the paragraphs above is incorporated by reference as though fully stated herein.

**ANSWER:** Defendants incorporate their answers to all previous paragraphs as if set forth fully herein.

37) In committing the acts alleged in the preceding paragraphs, the individual Defendants were agents of the City of Chicago and were acting at all relevant times within the scope of their employment and under color of law.

**ANSWER:** Defendants admit that that all times relevant to Plaintiff's claims they were agents of the City of Chicago and were acting within the scope of their employment as employees of the City of Chicago and under color of law. Answering further, Defendants deny that they engaged in the acts alleged above.

38) Defendant City of Chicago is liable as principal for all torts committed by its agents.

**ANSWER:** Defendants admit the allegations contained in this paragraph.

**WHEREFORE**, the Defendants respectfully request that this Honorable Court enter judgment in their favor and against plaintiff with costs assessed to the plaintiff and any other relief this Honorable Court deems appropriate.

## AFFIRMATIVE DEFENSES

1. As to all federal claims, at all times during the events alleged in Plaintiff's Complaint, a reasonable police officer, objectively viewing the facts and circumstances then confronting the Defendant Officers during the incident which allegedly provides the basis for the present case, could have reasonably believed that the actions taken by him were objectively reasonable and were within constitutional limits that were clearly established at the time. The Officers are therefore entitled to qualified immunity as to Plaintiff's federal claims.

2. In the instant case the Defendant Officers are entitled to the immunity of the "willful and wanton" standard pursuant to 745 ILCS 10/1-210 which states that "willful and wanton conduct" as used in this Act means a course of action which shows an actual or deliberate intention

to cause harm or which, if not intentional, shows an utter indifference to or conscious disregard for the safety of others or their property. This definition shall apply in any case where a "willful and wanton" exception is incorporated into any immunity under this Act.

3. In the instant case the City of Chicago is entitled to immunity under 745 ILCS 10/2-109 of the Tort Immunity Act which states that a local public entity is not liable for any injury resulting from an act or omission of its employee where the employee is not liable.

4. The City of Chicago is not liable for Plaintiffs' attorneys' fees as "the law in Illinois clearly is that absent a statute or contractual agreement attorney fees and the ordinary expenses and burdens of litigation are not allowable to the successful party." *See Kerns v. Engelke*, 76 Ill.2d 154, 166 (1979) (internal citations omitted).

5. As to the state law claims and to the extent that Plaintiff is attempting to hold Defendant Officers liable for actions or inactions they took or did not take to apprehend decedent, those claims are barred under section 2-201 of the Tort Immunity Act as those decisions involved the exercise of discretion. 745 ILCS 10/2-201 (2002).

6. As to the state law claims and to the extent that Plaintiff is attempting to hold Defendant Officers liable for actions or inactions they took or did not take to apprehend decedent, those claims are barred under section 4-102 of the Tort Immunity Act because the City and its employees are immune from liability for failure to provide proper police service. 745 ILCS 10/4-102 (2002).

7. As to the state law claims and to the extent that Plaintiff is attempting to hold Defendant Officers liable for actions or inactions they took or did not take to diagnose any injury or illness to Plaintiff, those claims are barred under section 6-106 of the Tort Immunity Act because neither a local public entity nor a public employee acting within the scope of his employment is liable for injury resulting from diagnosing or failing to diagnose that a person is afflicted with mental or physical illness or addiction or from failing to prescribe for mental or physical illness or addiction. 745 ILCS 10/6-106 (2002)

8. As to the state law claims and to the extent that Plaintiff is attempting to hold Defendant Officers liable for actions or inactions they took or did not take to make a physical or mental examination of Plaintiff, those claims are barred under section 6-105 of the Tort Immunity Act because neither a local public entity nor a public employee acting within the scope of his employment is liable for injury caused by the failure to make a physical or mental examination, or to make an adequate physical or mental examination of any person for the purpose of determining whether such person has a disease or physical or mental condition that would constitute a hazard to the health or safety of himself or others. 745 ILCS 10/6-105 (2016)

9. As to the state law claims and to the extent that Plaintiff is attempting to hold Defendant Officers liable for actions or inactions they took or did not take to provide emergency care for Plaintiff, those claims are barred under section 49/70 of the Tort Immunity Act because any law enforcement officer or fireman who in good faith provides emergency care, including the administration of an opioid antagonist as defined in Section 5-23 of the Alcoholism and Other Drug Abuse and Dependency Act, without fee or compensation to any person shall not, as a result of his or her acts or omissions, except willful and wanton misconduct on the part of the person, in providing the case, be liable to a person to whom such care is provided for civil damages. 745 ILCS 49/70 (2016).

**JURY DEMAND**

Defendants respectfully demand a trial by jury of this cause.

WHEREFORE, the Defendants respectfully request that this Honorable Court enter judgment in their favor and against plaintiff with costs assessed to the plaintiff and any other relief this Honorable Court deems appropriate.

                                                Respectfully submitted,

                                                */s/ Dana M. Pesha*
                                                DANA M. PESHA
                                                Assistant Corporation Counsel

30 N. LaSalle Street
Suite 900
Chicago, Illinois 60602
(312) 744-3982

(312) 744-6566 (FAX)

dana.pesha@cityofchicago.org

**CERTIFICATE OF SERVICE**

I hereby certify that on February 19, 2016, I electronically filed the foregoing using the CM/ECF system, which will send notification of such filing to all counsel of record.

                                               /s/ *Dana M. Pesha*
                                               DANA M. PESHA