# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| DANIELLE CURRY, on her own behalf and as Special Administrator of the Estate of CHRISTOPHER KELLY, deceased, ) ) ) ) Plaintiff, ) ) vs. ) ) OFFICER KYLE BURNS (Star #13310), ) OFFICER KELIN ALTHOFF (Star #4163), ) OFFICER CHRIS DIEBALL (Star #14889), ) OFFICER MARK LACIVITA (Star #15136), ) OFFICER VIRGINIA O'DONNELL (Star #5695), OFFICER BRIAN RIX (Star #15065), OFFICER MICHAEL KEY (Star #8813), SGT. ANGELO MONACO (Star #1595), OFFICER LILIAN ZEPEDA (Star #5920), OFFICER JOYCE SHEAN (Star #10293), OFFICER GABRIELLA CRUZ (Star #2844), OFFICER ERICK GRADY (Star #17129), OFFICER KEVIN HAWKINS (Star #13471), OFFICER ERIC SEHNER (Star #11641), OFFICER ADAM FITZGERALD (Star #7834), and the CITY OF CHICAGO, a municipal corporation, ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) Defendants. | Case No. 15 CV 9152<br><br>Judge Lee<br><br>JURY DEMAND |

### PLAINTIFF'S MOTION FOR ORDER TO SHOW CAUSE WHY MARVELL WAYNE HARRIS SHOULD NOT BE FOUND IN CONTEMPT OF COURT FOR FAILURE TO COMPLY WITH A SUBPOENA TO TESTIFY AT A DEPOSITION

Plaintiff Danielle Curry, by and through her undersigned counsel and pursuant to Federal Rules of Civil Procedure ("Rule") 45 hereby moves this Court for an order to show cause why Marvell Wayne Harris should not be held in contempt of Court for failure to comply with a subpoena for his deposition issued to it from this Court. In support of her motion, Plaintiff states as follows:

1) Mr. Harris should be ordered to show cause for why he should not be found in

civil contempt of this Court for his disregard of a court-authorized subpoena for his deposition personally served on him on or about September 19, 2016. (A true and correct copy of that subpoena (the "Subpoena") is attached hereto at *Exhibit 1* and made a part hereof.)

2) The Subpoena called for Mr. Harris's deposition to proceed on October 26, 2016 at 9:00 a.m.

3) On the day prior to his deposition, Plaintiff's investigator attempted to make contact with Mr. Harris to confirm his appearance. When she was unable to do so, a note was left on his door reminding him of his scheduled deposition on October 26, inquiring as to whether he needed assistance with transportation, and providing him with the necessary contact information if such arrangements were necessary. Mr. Harris did not contact Plaintiff's counsel or Plaintiff's investigator in response to this note.

4) Mr. Harris failed to appear for his deposition on October 26. To date, he has made no attempts to contact the undersigned with regards to rescheduling his deposition.

5) This issuing court "may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." Rule 45(g).

WHEREFORE, Plaintiff respectfully requests that this Court enter an order to show cause why Mr. Harris should not be found in contempt of Court for his failure to comply with the Subpoena. Plaintiff further moves that the Court order Mr. Harris to contact Plaintiff's counsel immediately to reschedule his deposition and that he appear for his deposition once it has been rescheduled.

        Respectfully submitted,

        <u>/s/ Ronak Maisuria</u>

Erickson & Oppenheimer, Ltd.
223 W. Jackson, Ste. 200
Chicago, IL 60606
312-327-3370

## **<u>CERTIFICATE OF SERVICE</u>**

**To:**

Marvell Wayne Harris
541 N. Harding
Chicago, IL 60624

      Ronak Maisuria, a licensed attorney, states that on October 26, 2016, the foregoing motion was served on the above individual via first class and certified mail. All attorneys of record were served via ECF.

        <u>/s/ Ronak Maisuria</u>

Erickson & Oppenheimer, Ltd.
223 W. Jackson, Ste. 200
Chicago, IL 60606
312-327-3370