**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| DANIELLE CURRY, on her own behalf and as Independent Administrator of the Estate of CHRISTOPHER KELLY, deceased, | ) ) ) ) | |
| Plaintiff, | ) ) ) | Case No. 15 CV 9152 |
| vs. | ) ) | |
| OFFICER KYLE BURNS (Star #13310), OFFICER KELIN ALTHOFF (Star #4163), OFFICER CHRIS DIEBALL (Star #14889), OFFICER MARK LACIVITA (Star #15136), OFFICER VIRGINIA O'DONNELL (Star #5695), OFFICER BRIAN RIX (Star #15065), OFFICER MICHAEL KEY (Star #8813), SGT. ANGELO MONACO (Star #1595), OFFICER LILIAN ZEPEDA (Star #5920), OFFICER JOYCE SHEAN (Star #10293), OFFICER GABRIELLA CRUZ (Star #2844), OFFICER ERICK GRADY (Star #17129), OFFICER KEVIN HAWKINS (Star #13471), OFFICER ERIC SEHNER (Star #11641), OFFICER ADAM FITZGERALD (Star #7834), and the CITY OF CHICAGO, a municipal corporation, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Judge Lee<br><br>JURY DEMAND |
| Defendants. | ) | |

**FOURTH AMENDED COMPLAINT**

**NOW COMES** the Plaintiff, DANNIELLE CURRY, by and through her attorneys, Erickson & Oppenheimer, complaining against the Defendants, OFFICERS BURNS, ALTHOFF, DIEBALL, LACIVITA, O'DONNELL, RIX, KEY, MONACO, ZEPEDA, SHEAN, CRUZ, GRADY, HAWKINS, SEHNER, and FITZGERALD (collectively "Defendant Officers"), individually, and the CITY OF CHICAGO, a municipal corporation, as follows:

**INTRODUCTION**

1. This action, arising out of the death of Christopher Kelly ("Decedent"), is brought pursuant to 42 U.S.C. §1983 to address deprivations of Decedent's rights under the Constitution of the United States.

## JURISDICTION

2. The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. §§ 1983 and 1985; the Judicial Code 28 U.S.C. §§ 1331 and 1343(a); the Constitution of the United States; and pendent jurisdiction as provided under U.S.C. § 1367(a).

## VENUE

3. Venue is proper under 28 U.S.C. Section 1391 (b). All of the parties reside in this judicial district and the events described herein all occurred within this district.

## THE PARTIES

4. The Plaintiff, Dannielle Curry, is the brother of the Decedent and a resident of the Northern District of Illinois.

5. The Defendants, Officers Burns, Althoff, Dieball, Lacivita, O'Donnell, Rix, Key, Monaco, Zepeda, Shean, Cruz, Grady, Hawkins, Sehner, and Fitzgerald, were at all relevant times duly appointed police officers of the City of Chicago and at all relevant times were acting within their scope of employment and under color of law.

6. Defendant City of Chicago is a municipal corporation duly incorporated under the laws of the State of Illinois, and is the employer and principal of the Defendant Officers.

## FACTS

7. On or about September 2, 2015, Kelly was in the area of 534 N. Springfield in Chicago, Illinois.

8. One or more of the Defendant Officers approached the Decedent.

9. The Decedent thereafter relocated to the area of 541 N. Harding in Chicago, Illinois.

10. Thereafter, without lawful justification or excuse, one or more of the Defendant Officers physically attacked and battered the Decedent.

11. After this attack, one or more of the Defendant Officers dragged the Decedent down Harding and dropped him onto the concrete.

12. The Defendant Officers were nearby and present during the use of force against Decedent by their co-Defendants and failed to intervene to prevent the misconduct despite having a reasonable opportunity to do so.

13. The Decedent complained that he could not breathe.

14. One or more of the Defendant Officers threw the Decedent into a police vehicle (vehicle #8953) and relocated to Ferdinand and Harding where the Decedent eventually received medical attention.

15. The vehicle that Decedent was thrown into had an in-car camera system.

16. The Decedent died shortly thereafter on September 2, 2015.

17. Said actions of the Defendant Officers were intentional, willful and wanton and/or committed with reckless indifference and disregard for Decedent's rights.

18. Said actions of the Defendant Officers were objectively unreasonable under the circumstances.

19. On September 2, 2015, Officer Dallio arrived at the 11th district in an attempt to download in the in-car camera footage.

20. Officer Dallio was instructed to remove the hard drives for the camera system for vehicle #8953 for evidentiary value.

21. After inquiries by Plaintiff's counsel regarding making arrangements for Plaintiff's expert to examine the hard drives to determine what evidence could be recovered, defense counsel informed the undersigned in July 2016 that despite police reports indicating that the hard drives had been removed and secured as evidence on or about September 2, 2015, this was in fact not done.

22. On information and belief, the hard drives for the in-car camera system for vehicle #8953 were only removed in or about July 2016 after the undersigned's inquiries.

23. As a result of the untimely removal of the hard drives, key video evidence regarding the Decedent's final moments was destroyed.

24. Additionally, on or about September 10, 2015, Ms. Kurtz of Romannuci & Blandin issued a preservation and litigation hold letter to the City of Chicago Law Department calling for the preservation of evidence regarding this incident, including without limitation dash-camera footage.

25. Discovery in this case thus far has revealed that despite Ms. Kurtz' litigation hold letter, dash-camera footage from Beat 1106A (the vehicle to which Defendants Hawkins and Fitzgerald were assigned) was purged pursuant to the City's standard retention schedule.

26. Had this footage not been purged, it would have revealed key video evidence regarding the events related to Decedent's arrest and the events leading up to his death in custody.

27. The undersigned has been informed by counsel for the City of Chicago Ms. Pesha that City of Chicago Law Department paralegal Adrian Martin placed legal holds and preservation requests on certain evidence on September 10, 11, and 16, 2015. Despite Ms. Kurtz' preservation letter, Ms. Martin failed to issue a legal hold or preservation request for in-car cameras, leading to the aforesaid destruction of dash-camera footage from Beat 1106A.

**COUNT I—EXCESSIVE FORCE/FAILURE TO INTERVENE (Section 1983)**

28. Plaintiff hereby incorporates all previous paragraphs as though fully set forth herein.

29. The actions of the Defendant Officers as set forth hereto constitute excessive force and failure to intervene against Decedent, thus violating his rights under the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. Section 1983.

30. As a direct and proximate consequence of the Defendant Officers' conduct, the Decedent suffered damages, including without limitation violations of his constitutional rights, emotional anxiety, fear, pain and suffering, and monetary expense.

**WHEREFORE**, the Plaintiff prays for judgment against the Defendant Officers, jointly and severally, for an award of reasonable compensatory and punitive damages,

plus attorneys' fees and costs.

## COUNT II– BATTERY (state law claim)

31. Plaintiff hereby incorporates all previous paragraphs as though fully set forth herein.

32. The conduct of the Defendant Officers resulted in offensive physical contact with the Decedent made without his consent, thus constituting battery under Illinois law.

33. The Defendant Officers' actions proximately caused the Decedent to suffer injuries, including without limitation great bodily harm and death as well as pain and suffering.

**WHEREFORE**, the Plaintiff prays for judgment against the Defendant Officers, jointly and severally, for an award of reasonable compensatory and punitive damages, plus costs.

## COUNT III—WRONGFUL DEATH (state law claim)

34. Plaintiff hereby incorporates all previous paragraphs as though fully set forth herein.

35. The actions of the Defendant Officers as set forth hereto caused the wrongful death of the Decedent, in violation of ILCS 740 180/1 et seq.

36. The Defendant Officers' actions proximately caused the Decedent to suffer injuries, including without limitation great bodily harm and death as well as pain and suffering.

37. As a result of the Defendant Officers' conduct, the Estate has suffered injury, including without limitation incurring medical and/or funeral expense and the loss of society and companionship.

**WHEREFORE**, the Plaintiff prays for judgment against the Defendant Officers, jointly and severally, for an award of reasonable compensatory and punitive damages, plus costs.

## COUNT IV—SURVIVAL ACTION (state law claim)

38. Plaintiff hereby incorporates all previous paragraphs as though fully set forth herein.

39. After the Decedent was attacked by Defendants, he survived for a period of time during which he experienced conscious pain and suffering.

**WHEREFORE**, the Plaintiff prays for judgment against the Defendant Officers,

jointly and severally, for an award of reasonable compensatory and punitive damages, plus costs.

## COUNT V—FAMILY EXPENSE ACT (state law claim)

40. Plaintiff hereby incorporates all previous paragraphs as though fully set forth herein.

41. As a direct and proximate cause of the Defendant Officers' actions which caused the death of the Decedent, Plaintiff Dannielle Curry, as brother of the deceased, Christopher Kelly, has been obligated to incur financial expenses including without limitation funeral and burial costs.

   **WHEREFORE**, the Plaintiff prays for judgment against the Defendant Officers, jointly and severally, for an award of reasonable compensatory and punitive damages, plus costs.

## COUNT VI—SPOLIATION

42. Plaintiff hereby incorporates all previous paragraphs as though fully set forth herein.

43. At all relevant times, Defendant City of Chicago was the employer and principal of Ms. Martin and Officer Dallio.

44. The dash-cam footage from Beat 1106 that was purged as a direct result of Ms. Martin's actions despite a timely litigation hold letter from prior counsel for Decedent's family constitutes material evidence supporting Plaintiff's underlying claims in this action.

45. The hard drives from vehicle 8953 that Officer Dallio failed to remove and inventory constitutes material evidence supporting Plaintiff's underlying claims in this action.

46. Defendant owed Plaintiff a duty to preserve evidence.

47. Defendant breached that duty.

48. In the event that the finder of fact in this case is unable to determine whether or not the Defendant Officers acted lawfully in their interactions with Decedent on September 2, 2015 prior to his death or finds against Plaintiff on Plaintiff's underlying claims, Plaintiff pleads in the alternative to the prior underlying counts that such loss

6

of evidence by Defendant City of Chicago proximately caused her inability to prove her underlying claims and caused her actual damages.

**WHEREFORE**, the Plaintiff prays for judgment against Defendant City of Chicago for an award of compensatory damages, plus attorneys' fees and costs.

### COUNT VII--INDEMNIFICATION

49. Plaintiff hereby incorporates all previous paragraphs as though fully set forth herein.

50. At all relevant times, Defendant City of Chicago was the employer of the individual defendants.

51. The individual defendants committed the acts alleged above within the scope of their employment as employees of the City of Chicago.

52. In Illinois, public entities are directed to pay for any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

53. As a proximate cause of the individual defendants' acts, which occurred within the scope of their employment, Plaintiff was injured.

**WHEREFORE**, should one or more of the individual defendants be found liable on one or more of the federal claims set forth above, Plaintiff demands that Defendant City of Chicago be found liable for any compensatory judgment Plaintiff obtains against said Defendant(s), plus attorneys' fees and costs awarded and such other and additional relief that this Court deems equitable and just.

### COUNT VIII—*RESPONDEAT SUPERIOR*

54. Each of the paragraphs above is incorporated by reference as though fully stated herein.

55. In committing the acts alleged in the preceding paragraphs, the individual defendants were agents of the City of Chicago and were acting at all relevant times within the scope of their employment.

56. Defendant City of Chicago is liable as principal for all torts committed by its agents.

**WHEREFORE**, should one or more of the individual defendants be found liable on one or more of the state claims set forth above, Plaintiff demands that, pursuant to *respondeat superior*, Defendant City of Chicago be found liable for any compensatory judgment Plaintiff obtains against said Defendant(s), as well as costs awarded.

## JURY DEMAND

The Plaintiff requests a trial by jury.

## NOTICE OF ASSIGNMENT

Please be advised that all rights relating to attorneys' fees have been assigned to counsel.

Respectfully submitted,

/s/ Ronak Maisuria

Erickson & Oppenheimer, Ltd.
223 West Jackson Boulevard
Suite 200
Chicago, Illinois 60606
312-327-3370